UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Brett Webster,

        Plaintiff,

v.

Nationwide Insurance Company of America,

        Defendant.

Civil No. 1:19-cv-709-CMH-MSN

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's Motion for Entry of An Order (Dkt. No. 26). Having reviewed the Motion, the undersigned recommends that the Motion be GRANTED for the reasons that follow.

This is a case in which the plaintiff has utterly failed to prosecute his claim. As early as August 2, 2019, defendant reported that it had attempted unsuccessfully to correspond with plaintiff's counsel regarding establishing a 16(b) conference. (Dkt. No. 3). For the next several months, defendant's repeated attempts to contact plaintiff's counsel were met only with silence. (Dkt. No. 14) 1. Defendant filed a Motion to Compel Initial Disclosures and Motion to Strike and Exclude Testimony, which the undersigned held a hearing for on December 5, 2019. (Dkt. No. 18). At this hearing, plaintiff's counsel appeared, but advised the Court he had been suspended from the practice of law by the Virginia State Bar. *Id.* Given the suspension, the undersigned continued the hearing, and ordered plaintiff to retain new counsel or advise the Court that he would proceed *pro se*. *Id.*

Plaintiff filed a Notice of Substitution of Counsel that failed to clearly indicate whether he would retain new counsel or proceed *pro se*. (Dkt. No. 20). Plaintiff's Notice was also signed by

plaintiff's suspended counsel, rather than by plaintiff himself, in violation of this Court's instruction. *Id.* On January 10, 2020, this Court held the previously-continued hearing on defendant's Motion to Compel and Motion to Strike and Exclude Testimony. At this hearing, no representative of plaintiff appeared, and the undersigned granted the Motions, in an order which warned plaintiff that failure to prosecute this action would result in dismissal of the lawsuit (Dkt. No. 25). Plaintiff has failed to comply with this order and has failed to prosecute his case. Accordingly, the undersigned recommends that this case be dismissed with prejudice.

### NOTICE

By means of the Court's electronic filing system, by mail to plaintiff at the address listed in his Complaint (Dkt. No. 1-1 at 1), and by mail to plaintiff's former attorney in this matter, the parties are notified as follows. Objections to this Report and Recommendation must be filed within twenty-one (21) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

### *ROSEBORO* NOTICE

Pursuant to Local Rule 7(J), and in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff is advised that he has the right to file an objection to this Report and Recommendation, and that failure to respond may result in the relief recommended herein – the dismissal of this civil action – being granted. Plaintiff's response must identify all facts stated by the undersigned with which plaintiff disagrees and must set forth their version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing

sworn statements (bearing a statement that it is filed under penalty of perjury). Unless the Court orders otherwise, plaintiffs' response must be filed, and a copy provided to the defendants' counsel, within twenty-one (21) days of the date of this order.

January 24, 2020
Alexandria, Virginia

/s/
Michael S. Nachmanoff
United States Magistrate Judge